**DISTRICT COURT OF THE VIRGIN ISLANDS**

| | |
|---|---|
| IN RE:<br><br>**AMENDMENTS TO THE LOCAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CRIMINAL PROCEDURE, and THE LOCAL ADMIRALTY RULES** | **Misc. No. 2003-06**<br>**Misc. No. 1993-21**<br>**Misc. No. 1993-20** |

<u>**ORDER**</u>

It is hereby ORDERED that the amendments to Local Rules of Civil Procedure 7.1, 7.3, 12.1, 16.1, 30.1, 48.1 (to be deleted as unnecessary), 54.1, 56.1, and 83.2; Local Rules of Criminal Procedure 16.2 and 28.1; and Local Admiralty Rules C.1, C.2, E.7, and E.12, proposed in this Court's November 10, 2009 Notice, shall become effective on December 1, 2009.

The new rules are attached to this order.

Dated: November 30, 2009

s/_____<br>
CURTIS V. GÓMEZ<br>
Chief Judge

copies:    Hon. Raymond L. Finch<br>
              Hon. Geoffrey W. Barnard<br>
              Hon. George W. Cannon<br>
              Wilfredo Morales, Clerk of the Court<br>
              Members of the V.I. Bar

**AMENDMENTS TO LOCAL RULES EFFECTIVE ON
DECEMBER 1, 2009**


## Local Rules of Civil Procedure

## Rule 7.1  Documents Filed with the Court

(a) MOTION, RESPONSE AND REPLY. Only a motion, a response in
opposition, and a reply may be served on counsel and filed with
the Court; further response or reply may be made only by leave of
Court obtained before filing (counsel will be sanctioned for
violation of this limitation).

(b) SUPPORTING DOCUMENTS. When allegations of fact not
appearing of record are relied upon in support of a motion,
response or reply, all affidavits and other pertinent documents
shall be filed before the hearing of the motion.

(c) BRIEFS. Motions, responses and replies shall be
accompanied by a brief which shall contain a concise statement of
reasons and citation of authorities.

(d) PAGE LIMIT. With the exception of exhibits and other
supporting documentation, no document filed with the Court shall
exceed twenty (20) pages without leave of Court.

(e) TIME PERIODS.

(1) A party shall file a response within fourteen (14)
days after service of the motion.  For good cause shown,
parties may be required to file a response and supporting
documents, including brief, within such shorter period of
time as the Court may specify, or may be given additional
time upon request made to the Court.

(2) A party shall file a reply, if any, within fourteen
(14) days after service of the response.

(3) Nothing herein shall prohibit the Court from ruling
without a response or reply when deemed appropriate.

(4) The time period for any response and reply to a
motion filed under Federal Rule of Civil Procedure 12 shall
be as provided in LRCi 12.1. The time period for any
response and reply to a summary judgment motion filed under
Federal Rule of Civil Procedure 56 shall be as provide in
LRCi 56.1.

(f) REQUEST FOR ORAL ARGUMENT. A request for oral argument shall be separately stated by the movant or respondent at the conclusion of the motion or response.

## Rule 7.3  Motions for Reconsideration

A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within fourteen (14) days after the entry of the order or decision unless the time is extended by the Court.  Extensions will only be granted for good cause shown.  A motion to reconsider shall be based on:

1. intervening change in controlling law;

2. availability of new evidence, or;

3. the need to correct clear error or prevent manifest injustice.

## Rule 12.1 Dispositive Motions Pursuant to Federal Rule of Civil Procedure 12

The following procedures govern dispositive motions filed pursuant to Federal Rule of Civil Procedure 12.

(a) DOCUMENTS FILED BY MOVANT.

(1) *Motion*. Each motion shall be accompanied by a brief.

(2) *Reply*. Any reply from the movant shall be filed within fourteen (14) days of the filing of an opposition from an adverse party.

(b) DOCUMENTS FILED BY RESPONDENT.

Any party responding to a motion submitted under this Rule may file a response brief within twenty (20) days of the filing of the motion.

(c) EXTENSIONS OF TIME.

(1) No party may amend the deadlines for the filing of motions or responses thereto if the Court has issued an order setting such deadlines.  In the absence of such an order, a party may seek an extension from the other party of the deadline otherwise prescribed in this Rule.  When a party requests an extension of time from the other party, the parties shall first make a good faith effort to negotiate a reasonable extension, which shall not exceed

thirty (30) days from the deadline otherwise prescribed in this Rule.  Only one such extension for the motion in question is permitted.  The party seeking the extension must file notice of any such negotiated extension before the filing date prescribed in this Rule.

(2) If the parties cannot agree, the party seeking an extension may apply to the Court.  If the Court grants the application, the parties may not thereafter alter the deadlines set by the Court without leave of the Court.

(d) PAGE LIMIT.

No brief shall exceed twenty pages without leave of Court. If granted, the same leave shall automatically extend to any responding brief.

**Rule 16.1 Pretrial Procedure**

(a) DISCOVERY MEMORANDUM. All parties shall conduct discovery expeditiously and diligently. No less than three business days prior to the initial scheduling conference held pursuant to Federal Rule of Civil Procedure 16, each party shall file with the Court a discovery memorandum which shall include, but need not be limited to, the following items:

(1) a brief statement of the facts underlying the claims or defenses in the action and of the legal issues in the case;

(2) a description of all discovery conducted by the party to date;

(3) a description of all discovery problems encountered to date, the efforts undertaken by the party to remedy these problems, and the party's suggested resolution of the problems;

(4) a description of the party's further discovery needs, including any special needs (e.g., videotape, telephone depositions, or problems with off island witnesses or documents, etc.);

(5) the party's estimate of the time needed to complete discovery;

(6) a statement regarding whether expert testimony will be necessary, and the party's anticipated schedule for retention of experts and submission of their reports;

(7) a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reason the limitation is sought.

(b) JOINT FINAL PRETRIAL ORDER. The proposed Joint Final Pretrial Order shall be prepared through cooperation of counsel within the deadlines and in accordance with instructions given by the Court. After each counsel has submitted the respective portions of the proposed pretrial order to other counsel, plaintiff's counsel shall convene a conference, in person or by telephone, to attempt to reconcile any matters on which there is a disagreement. After diligent efforts to resolve such disagreements, all areas of agreement or disagreement shall be noted in the proposed Joint Final Pretrial Order. The proposed Order shall be a single document reflecting efforts of all counsel, signed by all counsel of record, and then filed by plaintiff's counsel for review and entry by the Court. The Court may enforce the provisions and requirements of the Joint Final Pretrial Order by sanctions against counsel or the parties.

(c) TRIAL BRIEFS, REQUESTS TO CHARGE, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW. No later than seven (7) days before the date set for trial or at such time as the Court may direct:

(1) Each party must file a trial brief or memorandum with citations and authorities and arguments in support of the party's position on all disputed issues of law.

(2) In a jury case, each party must also file written requests for charge to the jury. Supplemental requests for charge may be submitted at any time prior to the arguments to the jury. All requests for charge must be plainly marked with the name and number of the case; shall contain citations of supporting authorities if any; shall designate the party submitting the same; and in the case of multiple requests by a party, shall be numbered in sequence.

(3) In a non-jury case, the litigants must file proposed Findings of Fact and Conclusions of Law.

## Rule 30.1 Filing of Depositions

If a case is to proceed to trial, the depositions eligible for filing shall be filed three (3) business days before the trial is to begin. In that regard, a party taking the deposition shall be the custodian of the original deposition, and at its own initiative, or upon timely request by another party seeking to use the deposition, shall electronically file a copy of the original.

**Rule 48.1 Number of Jurors [DELETED]**

**Editor's Note:** Rule 48.1 has been deleted as unnecessary.

**Rule 54.1 Bills of Costs**

(a) Within thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

(b) Such Bill of Costs shall precisely set forth each item thereof, so that the nature of the charge can be readily understood, and shall be verified by the attorney for the applicant, stating that: (1) the items are correct, (2) the services were actually and necessarily performed, and (3) the disbursements were necessarily incurred in the action or proceeding. Counsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item.

(c) Upon failure of the prevailing party to comply with this Rule, all costs shall be waived.

(d) A dissatisfied party may seek review by the Court upon written notice of motion served within seven (7) days of the Clerk's action, as provided in Federal Rule of Civil Procedure 54(d).

**Rule 56.1 Summary Judgment Motions**

The following procedures govern motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56.

(a) DOCUMENTS FILED BY MOVANT

(1) *Motion.* Each summary judgment motion shall be accompanied by a brief, affidavits and/or other supporting documents, including a separate statement of the material facts about which the movant contends there is no genuine issue. Each fact paragraph shall be serially numbered and shall be supported by specific citation to the record. The movant shall affix to the statement copies of the precise portions of the record relied upon as evidence of each material fact.

(2) *Reply*. Any reply to the respondent shall be filed within fourteen (14) days of the filing of the response. If a respondent has asserted additional facts as provided in subsection (b), the moving party shall respond to these

additional facts by filing a reply in the manner and form
specified in subsection (b).


       (b) DOCUMENTS FILED BY RESPONDENT

    Any party adverse to a motion filed under this rule may
file a response, brief, affidavits and other supporting
documents within twenty (20) days of the filing of the motion.
The respondent must address the facts upon which the movant has
relied pursuant to subsection (a)(1), using the corresponding
serial numbering and either (i) agreeing that the fact is
undisputed; (ii) agreeing that the fact is undisputed for the
purpose of ruling on the motion for summary judgment only; or
(iii) demonstrating that the fact is disputed.  The respondent
shall affix to the response copies of, and cite to, the precise
portions of the record relied upon as evidence of each material
fact. In addition, the respondent may file a concise statement of
any additional facts that the respondent contends are material
to the motion for summary judgment and as to which the
respondent contends there exists a genuine issue to be tried.

   (c) EXTENSIONS OF TIME

     (1) No party may amend the deadlines for the filing of
 motions or responses thereto if the Court has issued an
order setting such deadlines.  In the absence of such an
order, a party may seek an extension from the other party of
the deadline otherwise prescribed in this Rule.  When a
party requests an extension of time from the other party,
the parties shall first make a good faith effort to
negotiate a reasonable extension, which shall not exceed
thirty days from the deadline otherwise prescribed in this
Rule.  Only one such extension for the motion in question is
permitted.  The party seeking the extension must file notice
of any such negotiated extension before the filing date
prescribed in this Rule.

     (2) If the parties cannot agree, the party seeking an
extension may apply to the Court.  If the Court grants the
application, the parties may not thereafter alter the
deadlines set by the Court without leave of the Court.

   (d) EFFECT OF FAILURE TO RESPOND

       Failure to respond to a movant's statement of
material facts, or a respondent's statement of additional
facts, as provided by these Rules may result in a finding
that the asserted facts are not disputed for the purposes of
summary judgment.

(e) PAGE LIMIT

No brief shall exceed twenty pages without leave of Court.  For this purpose, "brief" does not include the separate statement of material facts.  If granted, the same leave shall automatically extend to any responding brief.

## Rule 83.2 Professional Discipline

(a) JUDICIAL ETHICS AND PROFESSIONAL RESPONSIBILITY

(1) The Code of Judicial Conduct of the American Bar Association shall govern the conduct of the judges of the Court, subject to such modifications as may be required by federal statute, regulation, court rule or decision.

(2) The Model Rules of Professional Conduct of the American Bar Association shall govern the conduct of the members of the bar admitted to practice in the Court, subject to such modifications as may be required by federal statute, regulation, court rule or decision.

(b) DISCIPLINE OF ATTORNEYS. The following Rules of Disciplinary Enforcement govern the conduct of attorneys who are admitted to practice before the Court or admitted for the purpose of a particular proceeding (*pro hac vice*).

(1) *Attorneys Convicted of Crimes.*

(A) Upon the filing with the Court of a certified copy of a judgment of conviction demonstrating that any attorney admitted to practice before the Court has been convicted in any court of the United States, or the District of Columbia, or of any state, territory, commonwealth or possession of the United States, of a serious crime as hereinafter defined, the Court shall enter an order immediately suspending that attorney, whether the conviction resulted from a plea of guilty or nolo contenders, or from a verdict after trial or otherwise, and regardless of the pendency of any appeal, until final disposition of a disciplinary proceeding to be commenced upon such conviction. A copy of such order shall immediately be served upon the attorney. Upon good cause shown, the Court may set aside such order when the interest of justice requires.

(B) The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime in the jurisdiction where the judgment was entered, involves false swearing,

misrepresentation, fraud, willful failure to file
income tax returns, deceit, bribery, extortion,
misappropriation, theft, or an attempt, conspiracy or
solicitation of another to commit a "serious crime."

(C) A certified copy of a judgment of conviction
of an attorney for any crime shall be conclusive
evidence of the commission of that crime in any
disciplinary proceeding instituted against that
attorney based upon the conviction.

(D) Upon the filing of a certified copy of a
judgment of conviction of an attorney for a serious
crime, the Court shall, in addition to suspending that
attorney in accordance with the provisions of this
Rule, also refer the matter to counsel for the
institution of a disciplinary proceeding before the
Court in which the sole issue to be determined shall be
the extent of the final discipline to be imposed as a
result of the conduct resulting in the conviction,
provided that a disciplinary proceeding so instituted
will not be brought to final hearing until all direct
appeals from the conviction are concluded.

(E) Upon the filing of a certified copy of a
judgment of conviction of an attorney for a crime not
constituting a serious crime, the Court may refer the
matter to counsel for a recommendation as to what
action, if any, should be taken, including the
institution of a disciplinary proceeding before the
Court; provided, however, that the Court may in its
discretion make no reference with respect to
convictions for minor offenses.

(F) An attorney suspended under the provisions of
this Rule will be reinstated immediately upon the
filing of a certificate demonstrating that the
underlying conviction of a serious crime has been
reversed, but the reinstatement will not terminate any
disciplinary proceeding then pending against the
attorney, the disposition of which shall be determined
by the Court on the basis of all available evidence
pertaining to both guilt and the extent of discipline
to be imposed.

(2) *Discipline Imposed by Other Courts.*

(A) Any attorney admitted to practice before the
Court shall, upon being subjected to public discipline
by any other court of the United States or the District
of Columbia, or by a court of any state, territory,

commonwealth or possession of the United States, promptly inform the clerk of the Court of such action.

(B) Upon the filing of a certified or exemplified copy of a judgment or order demonstrating that an attorney admitted to practice before the Court has been disciplined by another court, the Court shall forthwith issue a notice directed to the attorney containing:

(i) a copy of the judgment or order from the other court; and,

(ii) an order to show cause directing that the attorney inform the Court within thirty (30) days after service of that order upon the attorney, personally or by mail, of any claim by the attorney predicated upon the grounds set forth in subsection (2)(D) below, that the imposition of the identical discipline by the Court would be unwarranted and the reasons therefore.

(C) In the event the discipline imposed in the other jurisdiction has been stayed there, any reciprocal discipline imposed in the Court shall be deferred until such stay expires.

(D) Upon the expiration of thirty (30) days from service of the notice issued pursuant to the provisions of subsection (2)(B) above, the Court shall impose the identical discipline unless the respondent-attorney demonstrates or the Court finds that, upon the face of the record upon which the discipline in another jurisdiction is predicated, it clearly appears:

(i) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or,

(ii) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court should not accept as final the conclusion on that subject; or,

(iii) that the imposition of the same discipline by the Court would result in grave injustice; or,

(iv) that the misconduct established is deemed by the Court to warrant substantially different discipline.

Where the Court determines that any of these elements exists, it shall enter such other order as it deems appropriate.

(E) In all other respects, a final adjudication in another court that an attorney has been guilty of misconduct shall establish conclusively the misconduct for the purposes of a disciplinary proceeding in the Court.

(F) The Court may at any stage appoint counsel to prosecute the disciplinary proceedings.

(3) *Disbarment on Consent or Resignation in Other Courts.*

(A) Any attorney admitted to practice before the Court who shall be disbarred on consent or resign from the bar of any other court of the United States or the District of Columbia, or from the bar of any state, territory, commonwealth or possession of the United States, while an investigation into allegations of misconduct is pending, shall, upon the filing with the Court of a certified or exemplified copy of the judgment or order accepting such disbarment on consent or resignation, cease to be permitted to practice before the Court.

(B) Any attorney admitted to practice before the Court shall, upon being disbarred on consent or resigning from the bar of any other court of the United States or the District of Columbia, or from the bar of any state, territory, commonwealth or possession of the United States while an investigation into allegations of misconduct is pending, promptly inform the clerk of the Court of such disbarment on consent or resignation.

(4) *Standards for Professional Conduct.*

(A) For misconduct defined in these Rules and for good cause shown, and after notice and opportunity to be heard, any attorney admitted to practice before the Court may be disbarred, suspended from practice before the Court, reprimanded or subject to such other disciplinary action as the circumstances may warrant.

(B) An act or omission by an attorney admitted to practice before the Court, individually or in concert with any other person or persons, which violates the applicable Rules of Professional Conduct referred to in Rule (a)(2) shall constitute misconduct and be grounds for discipline whether or not the act or omission occurred in the course of an attorney-client relationship.

(5) *Disciplinary Proceedings.*

(A) When misconduct or allegations or misconduct which, if substantiated, would warrant discipline of an attorney admitted to practice before the Court shall come to the attention of a Judge of the Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, the Chief Judge, if he or she deems it appropriate, shall refer the matter to the Clerk of the Court, who shall refer it to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate. The order of reference to counsel and all further proceedings until the issuance of an order to show cause under subsection (5)(C) below, if any, shall be placed under seal until further order of the Court.

(B) Should counsel conclude after investigation and review that a formal disciplinary proceeding should not be initiated against the respondent-attorney because sufficient evidence is not present, or because there is pending another proceeding against the respondent-attorney the disposition of which in the judgment of the counsel should be awaited before further action by the Court is considered, or for any other valid reason, counsel shall file with the Court a recommendation for disposition of the matter, whether by dismissal, admonition, deferral or otherwise, setting forth the reasons therefor.

(C) To initiate formal disciplinary proceedings, counsel shall obtain an order of the Court upon a showing of probable cause requiring the respondent-attorney to show cause within thirty (30) days after service of that order upon that attorney, personally or by mail, why the attorney should not be disciplined.

(D) Upon the respondent-attorney's answer to the order to show cause, if any issue of fact is raised or the respondent attorney wishes to be heard in mitigation, the Court shall set the matter for prompt

hearing before a Judge; provided, however, that if the disciplinary proceeding is predicated upon the complaint of a Judge of the Court the hearing shall be conducted before a different Judge appointed by the Chief Judge or, if the Chief Judge is the complainant, by the next active Judge senior in commission. Upon completing the proceeding, the Judge assigned to the matter shall submit his or her findings of fact, conclusions of law and recommendation, if any, to the full Court for action.

(6) *Disbarment on Consent While Under Disciplinary Investigation or Prosecution.*

(A) Any attorney admitted to practice before the Court who is the subject of an investigation into or a pending proceeding involving allegations of misconduct may consent to disbarment by delivering to the Court an affidavit stating that the attorney desires to consent to disbarment and that:

(i) the attorney's consent is freely and voluntarily rendered; the attorney is not being subjected to coercion or duress; the attorney is fully aware of the implications of such consent;

(ii) the attorney is aware that there is presently pending an investigation or proceeding involving allegations that there exist grounds for the attorney's discipline, the nature of which the attorney shall specifically set forth;

(iii) the attorney acknowledges that the material facts so alleged are true; and

(iv) the attorney so consents because the attorney knows that if charges were predicated upon the matters under investigation, or if the proceeding were prosecuted, the attorney could not successfully defend.

(B) Upon receipt of the required affidavit, the Court shall enter an order disbarring the attorney signed by the Chief Judge, or if the Chief Judge is unavailable, the next active Judge senior in commission.

(C) The order disbarring the attorney on consent shall be a matter of public record; however, the affidavit required by this Rule shall not be publicly

disclosed or made available for use in any other
proceeding except upon order of the Court.

(7) *Reinstatement After Suspension, Disbarment,
Withdrawal or Resignation.*

(A) Time of Application Following Suspension. An
attorney suspended for three (3) months or less shall
be automatically reinstated at the end of the period of
suspension upon filing with the Court an affidavit of
compliance with the provisions of the order. An
attorney suspended for more than three (3) months or
disbarred may not resume practice until reinstated by
order of the Court.

(B) Time of Application Following Disbarment. A
person who has been disbarred after hearing or by
consent may not apply for reinstatement until the
expiration of at least five (5) years from the
effective date of the disbarment.

(C) Time of Application Following Resignation or
Withdrawal. A person who has withdrawn or resigned from
practice before the Court may apply for reinstatement
at any time.

(D) Hearing on Application. Petitions for
reinstatement under this Rule by an attorney who has
been suspended or disbarred, or who has resigned or
withdrawn from practice of law as an attorney shall be
filed with the Clerk of the Court. Upon receipt of the
petition, the Clerk of the Court shall refer the
petition to counsel and shall assign the matter for
prompt hearing before a Judge; provided, however, that
if the disciplinary proceeding was predicated upon the
complaint of a Judge of the Court the hearing shall be
conducted before a different Judge appointed by the
Chief Judge, or if the Chief Judge was the complainant,
by the next active Judge senior in commission. The
application for reinstatement shall include a review
and report by the Professional Ethics and Grievance
Committee of the Virgin Islands Bar Association. The
Judge assigned to the matter shall, within thirty (30)
days after receipt of the bar committee report,
schedule a hearing at which the petitioner shall have
the burden of demonstrating by clear and convincing
evidence that he or she has the moral qualifications,
competency and learning in the law required for
admission to practice law before the Court and that his
or her resumption of the practice of law will not be
detrimental to the integrity and standing of the bar or

to the administration of justice, or subversive of the
public interest.

(E) Conditions of Reinstatement. If the petitioner
is found unfit to resume the practice of law, the
petition shall be dismissed. If the petitioner is found
fit to resume the practice of law, the judgment shall
reinstate that person, provided that the judgment may
make reinstatement conditional upon the payment of all
or part of the costs of the proceedings, and upon the
making of partial or complete restitution to parties
harmed by the petitioner whose conduct led to the
suspension or disbarment. If the petitioner has been
suspended or disbarred for five (5) years or more,
reinstatement may be conditioned, in the discretion of
the Judge before whom the matter is heard, upon the
furnishing of proof of competency and learning in the
law, which proof may include certification by the bar
examiners of a state or other jurisdiction of the
attorney's successful completion of an examination for
admission to practice subsequent to the date of
suspension or disbarment.

(F) Successive Petitions. No petition for
reinstatement under this Rule shall be filed within one
(1) year following an adverse judgment upon a petition
for reinstatement filed by or on behalf of the same
person.

(8) *Attorneys Specially Admitted.* Whenever an attorney
applies to be admitted or is admitted to practice before the
Court for purposes of a particular proceeding (*pro hac
vice*), the attorney shall be deemed thereby to have
conferred disciplinary jurisdiction upon the Court for any
alleged misconduct of that attorney arising in the course of
or in the preparation for such proceeding.

(9) *Service of Papers and Other Notices.* Service of an
order to show cause instituting a formal disciplinary
proceeding shall be made by personal service or by
registered or certified mail addressed to the respondent-
attorney at the address shown in the roll of attorneys of
the Court or the most recent edition of the Virgin Islands
Bar Association Membership Directory. Service of any other
papers or notices required by these Rules shall be deemed to
have been made if such paper or notice is addressed to the
respondent-attorney at the address shown on the roll of
attorneys of the Court or the most recent edition of the
Virgin Islands Bar Association Membership Directory, or to
the respondent's attorney at the address indicated in the

most recent pleading or other document filed in the course
of any proceeding.

(10) *Appointment of Counsel.* Whenever counsel is to be
appointed pursuant to these Rules to investigate allegations
of misconduct or prosecute disciplinary proceedings or in
conjunction with a reinstatement petition filed by a
disciplined attorney, the Court may appoint as counsel the
disciplinary agency of the Supreme Court of the Virgin
Islands, or other disciplinary agency having jurisdiction.
If no such disciplinary agency exists or such disciplinary
agency declines appointment, or such appointment is clearly
inappropriate, the Court shall appoint as counsel one or
more members of the bar of the Court to investigate
allegations of misconduct or to prosecute disciplinary
proceedings under these Rules; provided, however, that the
respondent-attorney may move to disqualify an attorney so
appointed who is or has been engaged as an adversary of the
respondent-attorney in any matter. Counsel, once appointed,
may not resign without permission from the Court.

(11) *Payment of Fees and Costs.* At the conclusion of
any disciplinary investigation or proceeding under these
Rules, counsel appointed by the Court may apply to the Court
for an order awarding reasonable fees and reimbursing costs
expended in the course of such disciplinary investigation or
proceeding.

(12) *Duties of the Clerk of the Court.*

(A) Upon being informed that an attorney admitted
to practice before the Court has been convicted of any
crime, the Clerk of the Court shall determine whether
the Clerk of the Court in which such conviction
occurred has forwarded a certificate of such conviction
to the Court. If a certificate has not been so
forwarded, the Clerk of the Court shall promptly obtain
a certificate and file it with the Court.

(B) Upon being informed that an attorney admitted
to practice before the Court has been subjected to
discipline by another court, the Clerk of the Court
shall determine whether a certified or exemplified copy
of the disciplinary judgment or order has been filed
with the Court, and if not, the Clerk of the Court
shall promptly obtain a certified or exemplified copy
of the disciplinary judgment or order and file it with
the Court.

(C) Whenever it appears that any person convicted of any crime, or disbarred, or suspended, or censured, or disbarred on consent by the Court, is admitted to practice law in any other jurisdiction or before any other court, the Clerk of the Court shall, within fourteen (14) days of that conviction, disbarment, suspension, censure, or disbarment on consent, transmit to the disciplinary authority in such other jurisdiction, or for such other court, a certificate of the conviction or a certified copy of the judgment or order of disbarment, suspension, censure or disbarment on consent, as well as the last known office and residence addresses of the defendant or respondent.

(D) The Clerk of the Court shall also promptly notify the National Discipline Data Bank operated by the American Bar Association of any order imposing public discipline upon any attorney admitted to practice before the Court.

(13) *Jurisdiction.* Nothing contained in these Rules shall be construed to deny to the Court such powers as are necessary for the Court to maintain control over proceedings conducted before it, such as proceedings for contempt under Title 18 of the United States Code or under Rule 42 of the Federal Rules of Criminal Procedure.


## Local Rules of Criminal Procedure

### Rule 16.2 Joint Discovery Statement

The attorneys for the government and the defendant shall collaborate and prepare a written Joint Discovery Statement to be signed by counsel from each side and filed with the Court no later than seven (7) days prior to the commencement of every trial. The Joint Discovery Statement shall generally describe all discovery material exchanged and shall set forth all stipulations. No stipulation shall be used against a defendant unless the stipulation is in writing and signed by both the defendant and the defendant's attorney.

### Rule 28.1 Interpreters

The prosecuting attorney or defense counsel must determine if an interpreter is needed for a defendant's court appearance. Except in preliminary proceedings, all requests for interpreting services must be made to the Court at least seven (7) days before the interpreter's services are required.

# Local Admiralty Rules

## Rule C.1      Intangible Property

The summons issued pursuant to Supplemental Rule C(3) shall direct the person having control of intangible property to show cause no later than fourteen (14) days after service why the intangible property should not be delivered to the court. A judicial officer for good cause shown may lengthen or shorten the time. Service of the summons shall have the effect of an arrest of the intangible property and bring it within the control of the court. Upon order of the court, the person who is served may deliver or pay over to the clerk of court the intangible property proceeded against to the extent sufficient to satisfy the plaintiff's claim. If such delivery or payment is made, the person served is excused from the duty to show cause.

## Rule C.2      Publication of Notice of Action and Arrest

The notice required by Supplemental Rule (C)(4) shall be published by the plaintiff once in a newspaper of general circulation in the judicial division where the seizure occurred. The notice shall contain:

(1)   The court, title and number of the action;

(2)   The date of arrest;

(3)   The identity of the property arrested;

(4)   The name, address, and telephone number of the attorney for plaintiff;

(5)   A statement that the claim of a person who is entitled to possession or who claims an interest pursuant to Supplemental Rule C(6) must be filed within fourteen (14) days after publication;

(6)   A statement that an answer to the complaint must be filed and served within twenty (20) days after the claim is filed, and that otherwise, default may be entered and ordered;

(7)   A statement that motions to intervene under Fed.R.Civ.P. 24 by persons claiming maritime liens or other interests and claims for expenses of administration under LRA E.10(1) shall be filed within a time fixed by the court; and

(8)   The name, address, and telephone number of the marshal.

**Rule E.7      Security for Cost**

In an action under the Supplemental Rules, a party may move, upon notice to all parties, for an order to compel an adverse party to post security for costs with the clerk pursuant to Supplemental Rule E(2)(b).  Unless otherwise ordered, the amount of security shall be $500.  The party so notified shall post the security within fourteen (14) days after the order is entered.  The party who fails to post security when due may not participate further in the proceedings.  A party may move for an order increasing the amount of security for costs.

**Rule E.12      Sale of Property**

(1) *Notice of Sale*.  Notice must be given by the marshal of the sale of property by order of the court.  Such notice shall be by advertisement in a newspaper of general circulation within the District in which the sale will take place, unless otherwise ordered by the court.  Such notice shall be published once a week for two (2) consecutive weeks, with the last date of publication not more than twenty (20) or less than seven (7) days immediately preceding the sale.  The notice must contain:

(a)  The caption of the case;

(b)  A concise description of the vessel to be sold;

(c)  The date, place and time of sale;

(d)  Notice that written bids can be made with a stated deposit in terms of percentage of the bid; and

(e)  The name and address of the plaintiff's counsel from whom further information may be obtained.

(2) *Payment of Bid*.  These provisions apply unless otherwise ordered in the order of sale: The person whose bid is accepted shall immediately pay the marshal the full purchase price if the bid is $1000 or less.  If the bid exceeds $1000, the bidder shall immediately pay deposit of at least $1000 or 10% of the bid, whichever is greater, and shall pay the balance within three (3) court days after the day on which the bid was accepted.  If an objection to the sale is filed within that three (3) court day period, the bidder is excused from paying the balance for the purchase price until three (3) court days after the sale is confirmed.  Payment shall be made in cash, by certified check, or by cashier's check.

(3) *Default.*  If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder is deemed to be in default.  In such a case, the judicial officer

may accept the second highest bid or arrange a new sale.  The defaulting bidder's deposit shall be forfeited and applied to any additional cost incurred by the marshal because of the default, the balance being retained in the registry of the court awaiting its order.

(4) *Report of Sale by Marshal.*

(a)  At the conclusion of the sale, the marshal shall forthwith file a written report with the court of the fact of the sale, the date, the price obtained, the name and address of the successful bidder and any other pertinent information.

(b) Upon the payment of the proceeds of sale of property into the registry of the court, the marshal shall send written notice within five (5) court days to all persons known to him or to the substitute custodian to have claims for charges incurred while the vessel or property was in the custody of the court, and shall notify such persons of the necessity of filing claims under oath within ten (10) court days of the mailing of such notice.

(5) *Time and Procedure for Objection to Sale.*  An interested person may object to the sale by filing a written objection with the clerk within three (3) court days following the sale, serving the objection on all parties of record, the successful bidder, and the marshal, and depositing such sum with the marshal as determined by him to be sufficient to pay the expense for keeping the property for at least seven (7) days. Payment to the marshal shall be in cash, certified check, or cashier's check.

(6) *Confirmation of Sale.*  A sale shall be confirmed by order of the court within five (5) court days, but no sooner than three (3) court days, after the sale.  If an objection to the sale has been filed, the court shall hold a hearing for the confirmation of the sale.  The marshal shall transfer title to the purchaser upon the order of the court.

(7) *Disposition of Deposits.*

(a) *Objection Sustained.*  If an objection is sustained, sums deposited by the successful bidder will be returned to the bidder forthwith.  The sum deposited by the objector will be applied to pay the fees and expenses incurred by the marshal in keeping the property until it is resold, and any balance remaining shall be returned to the objector.  The objector will be reimbursed for the expense of keeping the property from the proceeds of a subsequent sale.

(b) *Objection Overruled*.  If the objection is overruled, the sum deposited by the objector will be applied to pay the expense of keeping the property from the day the objection was filed until the day the sale is confirmed, and any balance remaining will be returned to the objector forthwith.