**DISTRICT COURT OF THE VIRGIN ISLANDS**

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
|  | ) Misc. No. 2003-06 |
| AMENDMENTS TO THE LOCAL RULES OF | ) |
| CIVIL PROCEDURE | ) |
| _____ | ) |

**ORDER**

It is hereby ORDERED that due to the immediate need for the addition of Local Rule of Civil Procedure 82.1, and for amendments to Local Rule of Civil Procedure 83.1, the attached rules shall be effective on January 3, 2011; and it is further

ORDERED that the public and members of the bar are hereby given notice and opportunity to comment on the addition of Local Rule 82.1 and amendments to Local Rule 83.1, as required by 28 U.S.C. § 2071(e). Such comment may be submitted to the Clerk of Court in writing or may be made orally at public hearings at the District Court on January 27, 2011 at 12:00 noon, in the main courtroom in St. Thomas and in the Magistrate Judge's courtroom on St. Croix. Any amendments incorporating comments will take effect on February 4, 2011.

                 S\\_____
                 **CURTIS V. GÓMEZ**
                   **Chief Judge**

copies: Hon. Raymond L. Finch
    Hon. Ruth Miller
    Hon. George W. Cannon
    Wilfredo Morales, Clerk of the Court
    Members of the V.I. Bar

**AMENDMENTS TO LOCAL RULES EFFECTIVE
ON JANUARY 3, 2011**

<u>**Local Rules of Civil Procedure**</u>

*XI. General Provisions*

**Rule 82.1 Who May Appear as Counsel; Who May Appear Pro Se**

Only members of the Bar of this Court may appear as counsel in civil cases. Only individuals who are parties in civil cases may represent themselves.  All other non-attorneys are not permitted to represent a party before this Court. Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure. All parties other than individuals must be represented by counsel.

**Rule 83.1 Admission of Attorneys**

(a) SCOPE OF ADMISSION. The Bar of the Court shall consist of those persons heretofore admitted to practice in the Court and those who may hereafter be admitted in accordance with these rules. Notwithstanding the provisions of subsection (b), the following category of persons shall not be admitted: any attorney who has been suspended or disbarred, or who has resigned or withdrawn from the practice of law and has not been reinstated as a member of the bar of the Court.

(b) REQUIREMENTS

(1) *General.* An attorney is qualified for admission to the Bar of this District if he or she is a member in good standing of the bar of any other court of the United States or the District of Columbia, or of the highest court of any state, commonwealth, territory or possession, or the Court of Appeals for the Third Circuit, is of good private and professional character, is familiar with the Federal Rules of Civil and Criminal Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure, and these Local Rules, and is willing, available and competent to accept appointments by the Court to represent indigent parties in civil cases in this District unless the acceptance of such appointments is inconsistent with an attorney's professional employment obligations, as for example, a government attorney.

(2) *Appearance Pro Hac Vice; Local Counsel.* Any member in good standing of the bar of any court of the United States or of

the highest court of any state, who is not under suspension or disbarment by any court, may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case. If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of the Court (Local Counsel) upon whom all notices, orders and pleadings may be served. An attorney admitted *pro hac vice* to the bar of the Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders. Documents filed by an attorney admitted *pro hac vice* shall also include the signature of Local Co-Counsel. Filings by attorneys admitted *pro hac vice* are deemed to include a representation that the filer shared the document with and received approval for filing from Local Co-Counsel. The motion for admission *pro hac vice* shall include a certification as to the number of times the attorney has been admitted *pro hac vice* during the twelve (12) months immediately preceding the filing of the motion and identify any other active cases in this Court in which the attorney is admitted *pro hac vice*. An attorney may be admitted *pro hac vice* in no more than a total of three (3) cases in any calendar year and may not be further admitted at any time if such attorney is then admitted *pro hac vice* in three (3) active cases regardless of when such admissions occurred. Admission *pro hac vice* is not a substitute for admission to the Bar of this Court, but rather is intended to facilitate occasional appearances only. Notwithstanding a lawyer's *pro hac vice* status, such an attorney is within the disciplinary jurisdiction of the Court.

    (3) *Adherence to Schedules; Sanctions*. All members of the Bar of the Court and those specially permitted to participate in a particular action shall strictly observe the dates fixed for scheduling conferences, motions, pretrial conferences, trials or any other proceedings. Failure of counsel for any party, or of a party appearing *pro se*, to comply with this Rule may result in the imposition of sanctions, including the withdrawal of the permission granted under subsection (b)(2) of this Rule to participate in the particular action. All motions for continuance shall be made promptly.

    (4) *Appearance by Patent Attorneys*. Any member in good standing of the bar of any court of the United States or of the highest court of any state may be qualified for admission to the Bar of this District, subject to the limitations hereinafter set forth, on motion of a member of the bar of the Court and upon taking the prescribed oath and signing the roll, provided such applicant has filed with the Clerk of the Court a verified application for admission as an attorney of the Court establishing that the applicant:

 (A) is a member in good standing of the bar of any United States court or the highest court of any state for at least five (5) years;

 (B) has been admitted to practice as an attorney before the United States Patent Office and is listed on its Register of attorneys;

 (C) has been continuously engaged in the practice of patent law as a principal occupation in an established place of business and office located in the Territory of the Virgin Islands for at least two (2) years prior to date of application; and

 (D) has sufficient qualifications both as to pre-legal and legal training to satisfy the Court. No member admitted under this subdivision shall designate himself or herself other than as a patent attorney or patent lawyer, and that person's admission to practice before the Court shall be limited to cases solely arising under patent laws of the United States or elsewhere. Failure to continue to maintain an established place of business or office within the Territory for the practice of patent law shall, upon proof thereof to the Court and after notice and an opportunity to be heard, justify the striking of such attorney's name from the roll of patent attorneys established under this Rule. In any litigation, any patent attorney admitted under this subdivision shall be associated of record with a member of the bar of the Court admitted under subsection (a)(3) of this Rule. Nothing herein contained shall preclude any patent attorney from being admitted under subsections (a)(3) or (a)(2) of this Rule.

 (5) *Appearance by Attorneys for the United States.* An attorney who is a member of a Federal Public Defender's Office, the Office of the United States Attorney for this District, or other federal governmental lawyer, is qualified for admission to the Bar of this District for purposes relating to his or her employment if the attorney is a member in good standing of the bar of any other court of the United States or the District of Columbia, or of the highest court of any state, commonwealth, territory or possession, or the Court of Appeals for the Third Circuit, is of good private and professional character, is familiar with the Federal Rules of Civil and Criminal Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure, and these Local Rules. If such attorney does not have an office in this district, he or she shall designate the United States Attorney to receive service of all notices or papers in that action. Service upon the United States Attorney or authorized designee shall constitute service upon a government attorney who does not have an office in this district.

(6) *Appearance by Professional Law Corporations.* The provisions of this Rule shall extend to duly created professional law corporations, authorized to be formed under the law of the jurisdiction to which the attorney employed by the corporation shall have been admitted to practice, to the same extent as they apply to partnerships and other unincorporated law firms. In every case in which such a professional law corporation participates, all appearances and papers shall be in the full name of the corporation, including such designations as "Chartered," "Professional Association," "P.C.," and the like, and shall be executed on its behalf by an individual attorney qualified under this Rule and employed by it as "Authorized Attorney." Both the corporate entity and its attorney employee shall be subject to all provisions of these Rules.

(7) *Appearance by Supervised Law Students.* With the Court's approval, an eligible law student may appear under supervision of an attorney on behalf of any client, including the United States, who has consented in writing.

(A) The attorney who supervises a student shall:

(i) be a member of the bar of the Court who maintains a bona fide office in this district;

(ii) personally assume professional responsibility for the student's work;

(iii) assist the student to the extent necessary;

(iv) appear with the student in all proceedings before the Court; and

(v) file written agreement to supervise the student.

(B) In order to appear, the student shall:

(i) be enrolled in a law school approved by the American Bar Association;

(ii) have successfully completed legal studies amounting to at least two-thirds of the credits needed for graduation or the equivalent;

(iii) be certified by either the dean or a faculty member of that law school as qualified to provide the legal representation permitted by these Rules (This certification may be withdrawn by the person so certifying at any time by mailing a notice to the Clerk of the Court, or upon termination by the Judge presiding in the case in which the student appears without notice or hearing

and without a showing of cause. The loss of certification by action of a judge shall not be considered a reflection on the character or ability of the student.);

    (iv) be introduced to the Court by an attorney admitted to practice in this District;

    (v) neither ask for nor receive from the client represented any compensation or remuneration of any kind for services rendered; but this limitation shall not prevent an attorney, legal aid bureau, law school, public defender agency, a state, Territory, or the United States from paying compensation to the eligible law student, nor shall it prevent any agency from making proper charges for its services;

    (vi) certify in writing that he or she is familiar and will comply with the Disciplinary Rules;

    (vii) certify in writing that he or she is familiar with the federal procedural and evidentiary rules relevant to the action in which he or she is appearing.

    (C) The law student, supervised in accordance with these Rules, may:

    (i) appear as counsel in court or at other proceedings when the written consent of the client (or of the United States Attorney when the client is the United States) and the written agreement of the supervising attorney have been filed, and when the Court has approved the student's request to appear in the particular case to the extent that the Judge presiding at the hearing or trial permits;

    (ii) prepare and sign motions, petitions, answers, briefs, and other documents in connection with any matter in which the student has met the conditions of (2) above; each such document shall also be signed by the supervising attorney.

    (D) Forms for designating compliance with this Rule are available in the Clerk of the Court's office. Completed forms shall be filed with the Clerk of the Court.

    (E) Participation by students under this Rule shall not be deemed a violation in connection with the rules of admission to the bar of any jurisdiction concerning practice of law prior to admission to that bar.

    (8) *Appearance by Attorneys in Criminal Cases.* The admission fee payment obligations imposed by this Rule do not apply to appointed counsel in criminal cases.

  (9) *Appearance by Attorneys for the Government of the Virgin Islands.* A member in good standing of the bar of any other court of the United States or the District of Columbia, or of the highest court of any state, commonwealth, territory or possession, is of good private and professional character, is familiar with the Code of Professional Responsibility, the Federal Rules of Civil Procedure and Criminal Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure and these local rules, and who is not under suspension or disbarment by any court, may in the discretion of the Court and on motion by the Attorney General of the Virgin Islands or authorized designee, be permitted to appear and participate in any proceeding in which he or she is representing the Government of the Virgin Islands or any of its officers or agencies.

  (c) PROCEDURE

  (1) *Original Applications.* Each applicant for admission or attorney seeking leave to appear and participate in any proceeding shall file an application on a form prescribed by the Court. The application shall be made available by the Clerk upon request. An application by an applicant for admission to the Bar shall also be accompanied by a motion filed by the applicant's sponsor. Such motion shall be on a form prescribed by the Court. The sponsor shall set forth sufficient grounds in the motion for admission to satisfy the Court that the sponsor has reason to know the applicant is qualified for admission. Each applicant for admission shall also pay an admission fee. The current admission fee schedule approved by the Court, is posted at http://www.vid.uscourts.gov/Virgin_Islands_Fee_Schedule.pdf.

  (2) *Renewal Applications.* Each member of the Bar of this Court shall submit an application to renew his or her membership no later than February 4 of each calendar year, unless otherwise directed by the Court. The application shall be on a form prescribed by the Court. Notice shall be sent by the Clerk to each member of the Bar of the Court at least thirty (30) days prior to the date on which the application is due. An application for renewal shall also include the payment of the renewal fee set by the Court in its admission fee schedule. A timely renewal application shall be granted if the applicant meets all of the qualifications for admission to the Bar of this Court and if he or she pays the renewal fee. Failure to submit a timely renewal application or to pay the renewal fee will cause the attorney's membership in the Bar of this Court to be changed to inactive status.